Wisniewski, Plaintiff in error, vs. The State, Defendant in error.

*June 10—July 8, 1922.*

*Licenses: Violation of Blue Sky Law: Sale without permit: Proof: Sale as broker: Knowledge that permit had not been issued.*

1. In a prosecution under the Blue Sky Law for the sale of stock without a permit from the railroad commission, a conviction on an information charging a violation of sec. 1753—49, Stats. 1919, which deals with securities which are affected by the statute and those which are not, and which creates no offenses under the act, cannot be upheld.

2. A conviction in such a prosecution cannot be sustained as a violation of sub. 1, sec. 1753—50, Stats., making such sale as a broker illegal, as the information does not charge that the accused sold as a broker or agent or that he received compensation.

3. Nor may such a conviction be upheld by relying on the statute as amended in 1921, forbidding any company, broker, or other person to sell securities before obtaining a permit from the railroad commission for such sale, and making it sufficient to prove that the offender had knowledge of the violation of the statute or by reason of his office or occupation ought to have known of its violation, as the statute in force at the time the offense was alleged to have been committed required knowledge that no permit had been issued.

Error to review a judgment of the circuit court for Milwaukee county: Chester A. Fowler, Judge. *Reversed.*

*Jacob S. Rothstein* and *Horace B. Walmsley,* both of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

Jones, J.    Plaintiff in error, hereinafter called defendant, sold stock of the Kosciuszko Oil & Gas Company, a Delaware corporation licensed to do business in Wisconsin and having its principal office in the city of Milwaukee, from

which office defendant conducted his sales. Defendant had never made application to the railroad commission for a permit to sell this stock, and an application made by the company had been refused. The sale in question took place January 15, 1921, in the city of Milwaukee.

The original information charged that:

*"John Wisniewski* on the 9th day of February, A. D. 1921, in the county of Milwaukee, Wisconsin, did, then and there, unlawfully and wilfully sell stock in the Kosciuszko Oil & Gas Company, a corporation duly organized, existing, and doing business under and by virtue of the laws of the state of Delaware, without first having applied for and secured from the railroad commission of the state of Wisconsin a permit authorizing the sale of such stock, contrary to the statute in such case made and provided, and against," etc.

This information was amended so as to read as follows:

"I . . . hereby inform the court that on the 9th day of February, A. D. 1921, at the said county of Milwaukee, said defendant, *John Wisniewski,* did, then and there, unlawfully and wilfully sell stock in the Kosciuszko Oil & Gas Company, a corporation duly organized, existing, and in business under and by virtue of the laws of the state of Delaware, without first having applied for and secured from the railroad commission of the state of Wisconsin a permit authorizing the sale of such stock; that said stock had not been listed upon the New York, Boston, or Chicago Exchange pursuant to official authorization by such Exchange; that said corporation had not secured from the railroad commission of the state of Wisconsin a permit authorizing the sale of such stock; that the said defendant, *John Wisniewski,* was not the owner of said stock; that said defendant was not the underwriter of said stock; that said defendant, *John Wisniewski,* was not a pledge-holder of said stock selling in good faith, and that said stock was not pledged with him, the defendant, in the ordinary course of business as security for a *bona fide* debt; that said sale was made for the purpose of avoiding the provisions of said act, to wit, section 753—49 of the Statutes of the state of Wisconsin;

that the sale of said stock was not for a delinquent assessment made in accordance with the provisions of law, contrary to the statute in such case made and provided and against the peace and dignity of the state of Wisconsin."

The object of the prosecution was to punish defendant for violating the statute commonly known as the "Blue Sky Law," and he was convicted and sentenced to a one-year term in the county jail. The statute is a long one, consisting of about nine pages of fine print, and we only quote some of the sections and parts of sections which seem to be material.

Sec. 1753—50, Stats. 1919. "No company directly or through an agent shall in this state sell or offer for sale, . . . any security of its own issue until it shall first have applied for and secured from the commission a permit authorizing it so to do; and except as provided in subsection 4 or 5 hereof no broker shall in this state sell . . . any security for the sale of which a permit has not theretofore been issued, until there shall have been first applied for and secured from the commission a permit authorizing the sale of such security."

Sub. 4 and 5 of this section refer to the sale of Class A securities and securities which have been outstanding in the hands of the public for one year prior to August 1, 1919, by authorized brokers. Under stated conditions ·these brokers may sell certain securities without the permit above referred to.

Sec. 1753—52. "1. No person, firm or corporation shall act as a broker until such person, firm or corporation shall have first applied for and secured from the commission a certificate authorizing such person, firm or corporation to act as a broker."

"3. No person shall act as an agent until there shall have been issued to him by the commission a certificate authorizing him to act as an agent of some company or broker named therein."

Sec. 1753—48. "(d) 'Broker' means and includes every person, firm or corporation, other than an agent, who in

this state engages either wholly or in part in the business of selling, . . . or otherwise dealing ·in any security or securities issued by others, . . . or of offering them for sale to the public for a commission or at a profit;

"(e) 'Agent' means and includes every person employed or appointed by a company or a broker, directly or indirectly, who in this state either as an employee or otherwise, for a compensation or as a participant in any compensation, sells . . . any security for the sale of which a permit has been issued under the provisions of sections 1753—50 to 1753—53, inclusive."

Sec. 1753—58. "2. Every officer, agent or employee of any company, and any broker, and every other person who knowingly authorizes, directs or aids in the issue or sale of . . . any security in nonconformity with a permit of the commission then in effect authorizing such issue, or contrary to the provisions of sections 1753—48 to 1753—68, inclusive, . . . shall be punished. . . ."

It is one of the assignments of error that the statute on which the action is based is unconstitutional. Statutes of the same general character have been upheld in three cases by the supreme court of the United States (*"Blue Sky Cases,"* 242 U. S. 539, 37 Sup. Ct. 217), and also in Illinois (*Stewart v. Brady,* 300 Ill. 425, 133 N. E. 310).

Since we hold that the conviction must be set aside on other grounds, it is not necessary to discuss the legality of the statute, and we assume for the purposes of this case that it is constitutional.

It is stated by counsel for the state that the "defendant was found guilty by the jury of violating secs. 1753—48 to 1753—68 of the Statutes of 1921, generally known as the Blue Sky Law." The amended information charges a violation of sec. 753—49, but no such section can be found in the statutes. If we disregard the clerical error and turn to sec. 1753—49, we find that it deals with the securities which are, and those which are not, affected by the statute and in no manner creates offenses under the act.

It is argued by counsel for the state that the conviction

can be sustained under sub. 1, sec. 1753—50, above quoted, because, as claimed, defendant was a broker and sold stock without any permit having been issued. The information does not charge that defendant sold as a broker or agent, nor was there any proof that he received any such commission or compensation as is provided in sub. (d) and (e) of sec. 1753—48, which define the terms "agent" and "broker."

In their brief counsel for the state quote and rely upon the statute as amended in 1921, which forbids any "company, broker, *or other person*" to sell securities before a permit has been secured from the commission. It will be seen that the statute as amended is much broader than the statute which was in existence when the alleged offense was committed.

It is also argued by counsel for the state that the conviction was properly sustained under sub. 2, sec. 1753—58, which is in part quoted above. The statute as it existed when the offense is alleged to have been committed provided that the acts therein condemned were offenses when committed "knowingly" or "with knowledge" that they were in violation of the statute. In their brief counsel for the state again quote the amended statute of 1921, which materially modifies the former statute and makes it sufficient to prove that the offender either has knowledge of the violation or that he "by reason of his office, position or occupation should know" of its violation. There was no proof that the defendant sold the stock in question with actual knowledge that no permit had been issued to the company by the commission, but proof was offered of circumstances from which it was claimed that he ought to have known.

Various other questions were discussed in the briefs relating to the sufficiency of the original and amended informations, and the necessity for proof by the state that the defendant was not one of those exempted by the statute.

Since we hold that there was a failure of proof on the grounds already stated, it is not necessary to discuss these questions.

*By the Court.*—Judgment reversed, and cause remanded with directions to immediately discharge defendant from custody.